UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND D. JACKSON, SR., | No. 2:15-cv-0573 GEB AC P |
| Petitioner, | |
| v. | ORDER and |
| ROBERT FOX, Warden, | ORDER TO SHOW CAUSE |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. See ECF No. 9. Petitioner has paid the filing fee. Petitioner challenges an October 30, 2013 disciplinary conviction for possession of a controlled substance based on a search of petitioner's clothing conducted March 8, 2012. Petitioner also challenges the conditions of his confinement during the interval between the search and conviction, and as imposed as a result of the conviction.[1]

In his original petition, petitioner stated that he is serving a sentence of "life plus 75 years." ECF No. 1 at 1. The amended petition states, incorrectly, that the length of petitioner's

---

[1] Although petitioner may not be able to pursue his challenge to the subject disciplinary conviction, for the reasons stated herein, he may be able to pursue his conditions-of-confinement claims in a separate civil rights action filed pursuant to 42 U.S.C. § 1983. The court will address this possibility when it addresses petitioner's response to the order to show cause concerning this court's habeas jurisdiction.

1

1  underlying sentence is not relevant to his disciplinary challenge.

2  The Ninth Circuit Court of Appeals recently clarified when a prison disciplinary challenge 3 can be brought in a federal habeas petition. In <u>Nettles v. Grounds</u>, 788 F.3d 992, 1001 (9th Cir. 4 May 28, 2015), the Court of Appeals held that federal habeas relief is available "only if success 5 on the claim would 'necessarily spell speedier release' from custody, which . . . would include 6 termination of custody, acceleration of the future date of release from custody, or reduction of the 7 level of custody." <u>Nettles</u>, 788 F.3d at 1001 (quoting <u>Skinner v. Switzer</u>, 562 U.S. 521, 533-34 & 8 n.13 (2011). The petitioner in <u>Nettles</u> was serving an indeterminate life sentence and had not 9 been found suitable for parole, despite passing his minimum eligible parole date (MEPD). The 10 Court of Appeals found that the district court lacked habeas jurisdiction over Nettles' disciplinary 11 conviction because neither expungement of the conviction nor restoration of Nettles' good-time 12 credits would "necessarily terminate Nettles's custody, accelerate the future date of his release, or 13 reduce his level of custody." <u>Nettles</u>, 788 F.3d at 1003. The court reasoned, "[w]ithout knowing 14 how many years Nettles will serve before the Board finds him suitable for parole or the length of 15 his base term, we cannot conclude that restoration of the lost good-time credits would necessarily 16 affect the duration of Nettles' confinement if and when the Board finds him suitable for parole." 17 <u>Id.</u> at 1004.

18  The present case appears to present similar circumstances. Accordingly, petitioner will be 19 directed to show cause why his challenge to his October 30, 2013 disciplinary conviction should 20 not be dismissed for lack of subject matter jurisdiction, pursuant to <u>Nettles v. Grounds</u>, 788 F.3d 21 992 (9th Cir. 2015). Petitioner should include an abstract of his 1981 conviction and sentence, 22 and an explanation of his standing concerning parole.

23  In addition, pending the court's review of its jurisdiction to consider petitioner's 24 disciplinary challenge, petitioner's several miscellaneous motions – for discovery, an order to 25 show cause, an evidentiary hearing, appointment of counsel, and to fast track this case – will be 26 denied without prejudice.

27  ////

28  ////

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff shall, within thirty days after the filing date of this order, file a response to the court's order to show cause demonstrating why his amended petition should not be dismissed for lack of subject matter jurisdiction, pursuant to Nettles v. Grounds, 788 F.3d 992 (9th Cir. 2015).

2. Plaintiff's motions for discovery, an order to show cause, an evidentiary hearing, appointment of counsel, and to fast track this case, see ECF Nos. 2, 10 & 11, are denied without prejudice.

DATED: September 25, 2015

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE